1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           EASTERN DISTRICT OF CALIFORNIA

10

11   TROY A. SYKES,                              Case No.: 1:23-cv-00966-JLT-SKO (PC)

12                 Plaintiff,
                                                 **ORDER GRANTING PLAINTIFF**
13          v.                                   **NINETY DAYS TO IDENTIFY**
                                                 **DEFENDANT JOHN DOE**
14   AVENAL STATE PRISON, et al.,

15                 Defendants.

16

17          Plaintiff Troy A. Sykes is proceeding pro se and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. section 1983.

19          **I.      INTRODUCTION**

20          Following screening, this action proceeds on Plaintiff's Eighth Amendment conditions of

21   confinement claim against Defendant John Doe, Avenal State Prison (ASP) Food Services Head

22   Manager. (*See* Docs. 14 & 15.)

23          **II.     DISCUSSION**

24          Service on Doe Defendants

25          The United States Marshal cannot serve Doe defendants. Plaintiff will be required to

26   identify John Doe with enough information to locate the defendant for service of process. Plaintiff

27   will be given the "'opportunity through discovery to identify the unknown (Doe) defendants.'"

28   *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

Although Plaintiff has stated a plausible claim against John Doe, the ASP food services manager, the Court will not require service on this defendant at this time. The Ninth Circuit has held that where identity of a defendant is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, discovery may uncover the identity of John Doe, and Plaintiff's first amended complaint may not be dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity to learn the identity of John Doe through limited discovery.

If Plaintiff is able to identify John Doe by an actual name, he may submit a notice of substitution that provides the actual name for Defendant John Doe and ask the Court to substitute the individual's name for the previous Doe defendant designation. If Plaintiff is unable to submit a notice of substitution at this time, limited discovery is warranted.

<u>Service of Subpoenas on Doe Defendants</u>

Rule 45 of the Federal Rules of Civil Procedure addresses subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court. *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were

not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id.*

### III.    CONCLUSION AND ORDER

Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the name of Defendant John Doe, through subpoena or otherwise, and to substitute this defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of John Doe, the Court will recommend dismissal, without prejudice, of John Doe.

IT IS SO ORDERED.

Dated:   **October 24, 2024**                    */s/ Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE