UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. SYKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVENAL STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00966-JLT-SKO (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUBPOENA**<br><br>(Doc. 17) |

Plaintiff Troy A. Sykes is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.　　BACKGROUND**

Following screening, this action proceeds on Plaintiff's Eighth Amendment conditions of confinement claim against Defendant John Doe, Avenal State Prison (ASP) Food Services Head Manager, only. (*See* Docs. 14 & 15.)

On October 24, 2024, this Court issued its order granting Plaintiff ninety (90) days within which to identify the John Doe defendant. (Doc. 16.) On November 4, 2024, Plaintiff filed a document titled "Plaintiff's Request for Motion of Subpoena for Name of (A.S.P.) Food Services Head Manager." (Doc. 17.)

//

//

## II.  DISCUSSION

As Plaintiff was previous advised, the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations and "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, and the burden and expense to the non-party in providing the requested information. (*See* Doc. 16 at 2.) Plaintiff was also advised that a "motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party." (*Id.*)

Here, Plaintiff "requests Discovery from Defendants to produce name of John Doe who is the Food Services Head Manager or equivalent title at Avenal State Prison." (Doc. 17 at 1.) Plaintiff also "requests the ninety days to file 'notice of substitution' begin when court receives Discovery of requested information of name of John Doe." (*Id.*)  Plaintiff's request will be denied without prejudice.

While the name of John Doe is relevant, Plaintiff has failed to identify any individual to whom a subpoena should be directed. His reference to "Defendants" is unclear because the previously named defendants, other than John Doe, have been dismissed from the action. (*See* Doc. 15.) Nor has Plaintiff indicated that the name of the ASP Food Services Head Manager is "obtainable only through" a third party. *See Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010).

Assuming Plaintiff cannot obtain the identity of "John Doe, ASP Food Services Head Manager" through other means,[1] Plaintiff may resubmit his request for a subpoena to learn the identity of John Doe. Plaintiff must identify an individual to whom the subpoena should be directed,[2] and explain how a record identifying John Doe is "obtainable only through the

---

[1] Plaintiff may consider requesting the necessary information via a CDCR form 22.

[2] Examples might include the warden, the institution's litigation coordinator, or some other official at ASP

identified third party." To the extent Plaintiff believes the Court conducts discovery (*see* Doc. 17 at 1 ["when court receives Discovery of requested information"]), he is mistaken. *See Womack v. Virga*, No. 2:11-cv-1030 MCE EFB P, 2012 WL 4465372, at *3 (E.D. Cal. Sept. 25, 2012) ("The role of the court is not to conduct discovery or research for the parties"). If the Court issues a subpoena to any third party in the future, Plaintiff will be the recipient of the information sought by the subpoena rather than the Court.

To allow Plaintiff sufficient time within which to either learn the identity of John Doe through other means or to resubmit a proper request for a subpoena, including the information referenced above, the Court will extend the stay for purposes of limited discovery an additional ninety days.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS**:

1. Plaintiff's request for a subpoena (Doc. 17) is **DENIED** without prejudice; and
2. This action is **STAYED** an additional **ninety (90) days** to allow for limited discovery concerning the identity of "Defendant John Doe, ASP Food Service Head Manager" and for the filing of a "notice of substitution" once that identity has been learned.

IT IS SO ORDERED.

Dated:   **January 2, 2025**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

---

with knowledge and documentation concerning the individual employed as manager in the food services department.

3