UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. SYKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVENAL STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00966-JLT-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUBPOENA**<br><br>(Doc. 19) |

Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    BACKGROUND**

Following screening, this action proceeds on Plaintiff's Eighth Amendment conditions of confinement claim against Defendant John Doe, Avenal State Prison (ASP) Food Services Head Manager, only. (*See* Docs. 14 & 15.)

On October 24, 2024, this Court issued an order granting Plaintiff ninety (90) days within which to identify the John Doe defendant. (Doc. 16.) On November 4, 2024, Plaintiff filed a document titled "Plaintiff's Request for Motion of Subpoena for Name of (A.S.P.) Food Services Head Manager." (Doc. 17.)

On January 3, 2025, this Court issued an Order Denying Without Prejudice Plaintiff's Motion for Subpoena. (Doc. 18.) Plaintiff was advised he could "resubmit his request for a

1   subpoena to learn the identity of John Doe," but he "must identify an individual to whom the
2   subpoena should be directed and explain how a record identifying John Doe is 'obtainable only
3   through the identified third party.'" (*Id*. at 2-3.) The Court extended the limited discovery
4   deadline by an additional ninety days. (*Id*. at 3.)

5   On January 27, 2025, Plaintiff filed a document titled "Plaintiffs Motion for Subpoena."
6   (Doc. 19.)

7   **II.    DISCUSSION**

8   Plaintiff requests that a subpoena be directed to Acting Warden Williams at Avenal State
9   Prison. (Doc. 19.) He contends the subpoena is necessary to learn the name of the "Food Services
10  Head Manager" or John Doe defendant at Avenal State Prison during the six months preceding
11  the filing of his complaint on June 28, 2023, and that Acting Warden Williams will have access to
12  that information. (*Id*.) Plaintiff states he "has tried to have this request fulfilled by Avenal State
13  Prison and has received no response." (*Id*.) He states that he has no other way to obtain the
14  identity of the individual in charge of food services at Avenal State Prison. (*Id*.)

15  The Ninth Circuit has held that where identity of a defendant is unknown prior to the
16  filing of a complaint, the plaintiff should be given an opportunity through discovery to identify
17  unknown defendants unless it is clear that discovery would not uncover the identities, or that the
18  complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163
19  (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

20  Rule 45 of the Federal Rules of Civil Procedure addresses subpoenas. The Court's
21  authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to
22  limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P.
23  45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is
24  not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414,
25  at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the
26  information sought, as well as the burden and expense to the non-party in providing the requested
27  information. Fed. R. Civ. P. 26, 45. Therefore, a motion for issuance of a subpoena duces tecum
28  should be supported by clear identification of the documents sought and a showing that the

records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

Here, Plaintiff's request is relevant to his claim, clearly identifies the information he seeks—the name of the individual in charge of food services at Avenal State Prison—and establishes that the information is obtainable only through the identified third party, the Acting Warden at Avenal State Prison, because Plaintiff's less formal request for the information has been disregarded. *Davis*, 2010 WL 1948560, *1; *Williams*, 2010 WL 148703, *1. There is no indication that the prison's acting warden would be burdened by excessive or unusual expenses given his request. *Badman*, 139 F.R.D. at 605; *Austin*, 2008 WL 5213414, *1.

Accordingly, the Court will grant Plaintiff's motion. The Court will also extend the limited discovery period to allow for issuance of and compliance with the subpoena and for Plaintiff's submission of a notice to substitute the name of the individual for the John Doe defendant named in his complaint.

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for a subpoena duces tecum (Doc. 19) is **GRANTED.**
2. The Clerk of the Court shall forward the following documents to the United States Marshal's Service (USM):

    a. One completed and issued subpoena duces tecum to be served on:
    Acting Warden Williams
    Avenal State Prison
    1 Kings Way
    Avenal, CA 93204

    b. One copy of Plaintiff's first amended complaint (Doc. 11);

3

   c. One completed USM-285 form; and

   d. Two copies of this Order, one to accompany the subpoena and one for the USM

3. In completing the subpoena, the Clerk of the Court shall list, as described here, the information or document requested:

> The identity of the individual employed as the Food Services Manager at Avenal State Prison during the period between December 2022 and July 2023.

4. Within thirty days from the date of this order, the USM is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

5. The USM shall affect personal service of the subpoena duces tecum, along with a copy of this Order and a copy of the first amended complaint, upon the individual or entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

6. Within ten days after personal service is affected, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM-285 form.

7. Within thirty days after service is effected, Acting Warden Williams at Avenal State Prison is directed to serve the responsive information or document on Plaintiff:

> Troy Sykes
> AK-9480
> Avenal State Prison
> P.O. Box 903
> Avenal, CA 93204

8. Within fourteen days upon receipt of the information or document identifying the John Doe defendant, Plaintiff is directed to file a request for substitution with the Court. Once the Court is in receipt of the identifying information for this individual, the Court will issue the appropriate order necessary to effectuate service of process.

9. The limited discovery period is extended for an additional 90 days to allow Plaintiff to comply with the Court's order to identify the John Doe defendant and to file a request for substitution with the Court.

IT IS SO ORDERED.

Dated: __**March 31, 2025**__         _____/s/ *Sheila K. Oberto*_____
                                       UNITED STATES MAGISTRATE JUDGE