1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10
11   TROY A. SYKES,                           Case No.: 1:23-cv-00966-JLT-SKO (PC)
12                  Plaintiff,
                                              **ORDER REGARDING UNEXECUTED
13          v.                                SUMMONS**

14   AVENAL STATE PRISON, et al.,             **ORDER DIRECTING PLAINTIFF TO
                                              RESPOND WITH ADDITIONAL
15                  Defendants.               INFORMATION WITHIN 21 DAYS**

16                                            **21-DAY DEADLINE**
17
18       Plaintiff is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to
19   42 U.S.C. section 1983.
20       **I.     PROCEDURAL BACKGROUND**
21       Following screening, this action proceeds on Plaintiff's Eighth Amendment conditions of
22   confinement claim against Defendant John Doe, Avenal State Prison (ASP) Food Services Head
23   Manager, only. (*See* Docs. 14 & 15.)
24       On October 24, 2024, this Court issued its order granting Plaintiff ninety (90) days within
25   which to identify the John Doe defendant. (Doc. 16.) On November 4, 2024, Plaintiff filed a
26   document titled "Plaintiff's Request for Motion of Subpoena for Name of (A.S.P.) Food Services
27   Head Manager." (Doc. 17.)
28

1   On January 3, 2025, this Court issued its Order Denying Without Prejudice Plaintiff's
2   Motion for Subpoena. (Doc. 18.) Plaintiff was advised he could "resubmit his request for a
3   subpoena to learn the identity of John Doe," but he "must identify an individual to whom the
4   subpoena should be directed and explain how a record identifying John Doe is 'obtainable only
5   through the identified third party.'" (*Id*. at 2-3.) The Court also extended the limited discovery
6   deadline by an additional ninety days. (*Id*. at 3.)

7   On January 27, 2025, Plaintiff filed a document titled "Plaintiffs Motion for Subpoena."
8   (Doc. 19.) Plaintiff sought a subpoena directed to Acting Warden Williams at Avenal State
9   Prison, identifying Williams as the individual with access to the identity of John Doe, the "Food
10  Services Head Manager." (*Id*.)

11  On April 1, 2025, the Court issued its Order Granting Plaintiff's Motion for Subpoena.
12  (Doc. 20.) It found Plaintiff's request was relevant to his claim, clearly identified the information
13  he sought, and established that the information could be obtained only through the identified third
14  party. (*Id*. at 3.) The Clerk of the Court was directed to forward a subpoena duces tecum to be
15  served by the United States Marshal (USM) on Acting Warden Williams at Avenal State Prison
16  within 30 days. (*Id*. at 3-5.)

17  On May 1, 2025, the USM returned the subpoena unexecuted. (Doc. 21.) The USM-285
18  form reflects service was attempted on April 29, 2025, but not completed. (*Id*.) An official at
19  Avenal State Prison advised the USM that "Williams no longer works at the facility" and service
20  on Williams could not be accepted. (*Id*.)

21  **II.    DISCUSSION**

22  As noted above, on May 1, 2025, the USM advised the Court that the subpoena directed to
23  "Acting Warden Williams" at Avenal State Prison could not be served. Williams is no longer
24  employed at Avenal State Prison and service could not be accepted as a result. Plaintiff will be
25  given another opportunity to identity the John Doe named in his operative complaint by
26  submitting the name of another official at Avenal State Prison who is able to identify the "Food
27  Services Head Manager." The information Plaintiff seeks is relevant to his claim even though
28  Williams is no longer being employed at Avenal State Prison. *Wakefield v. Thompson*, 177 F.3d

1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

The Court notes that Plaintiff previously advised the Court that he sought this information on his own by way of a "request" but that he had "received no response" when he filed his January 27, 2025, motion. (*See* Doc. 19.) Plaintiff shall notify the Court if he has received any response to his earlier request, identifying the "Food Services Head Manager" at Avenal State Prison between December 2022 and July 2023.

In sum, the Court will grant Plaintiff's *one final opportunity* to identify an individual to whom a third-party subpoena may be directed concerning Plaintiff's effort to identify the "Food Services Head Manager" and to substitute that individual for "John Doe" as the named defendant in Plaintiff's first amended complaint.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. **Within 21 days** of the date of this Order, Plaintiff **SHALL** provide to the Court the name of another official at Avenal State Prison who is able to identify the "Food Services Head Manager" employed at that facility between December 2022 and July 2023; and

2. Alternatively, if Plaintiff has since learned the name of the individual previously employed as the "Food Services Head Manager" at Avenal State Prison between December 2022 and July 2023 in response to his previous request for that information, Plaintiff shall notify the Court of the individual's identity.

**Plaintiff is advised that a failure to comply with this Order, may result in a recommendation that this action be dismissed for a failure to obey a court order**.

IT IS SO ORDERED.

Dated:  **May 5, 2025**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

3